# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0856V
**Filed: August 16, 2019**
UNPUBLISHED

|  |  |
|---|---|
| KATHRYN N. LAKE, as parent and legal representative of her minor daughter, J.M.,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Interim Attorneys' Fees and Costs |

*Ramon Rodriguez, III*, Sands Anderson, P.C., Richmond, VA, for petitioner.
*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On July 21, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that her minor daughter, J.M. suffered injuries resulting from her haemophilus influenzae type b ("Hib") vaccine, administered on July 23, 2013. *Id.* at 1.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 15, 2019, petitioner filed a motion for interim attorneys' fees and costs. ECF No. 64.   Petitioner requests attorneys' fees in the amount of $18,883.50 and attorneys' costs in the amount of $961.88.  *Id.* at 10-11.  Thus, the total amount requested is $19,845.38.

The requested fees include work performed and costs incurred through July 14, 2017, when Petitioner's counsel of record Dr. Ramon Rodriguez, III, was employed at the Rawls Law Group ("RLG").  *Id.* at 3.  Petitioners argue that an award of interim fees and costs is appropriate in this case for two reasons.  First, petitioners argue that their claim satisfies the good faith and reasonable basis criteria.  *Id.* at 4.  Second, they argue that the legal work in the matter has been ongoing since August 2013 and "[b]ecause RLG employees are no longer involved in this case[,] RLG is experiencing financial hardship and delay for work" performed by Dr. Rodriguez while he was employed at RLG.  *Id.* at 8.

Respondent filed his response to petitioner's motion on May 29, 2019.  ECF No. 67.  Respondent did not provide any objection to petitioner's request.  *Id.* at 2.  Instead "respondent respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs.  *Id.* at 3.  Respondent noted, however, that he "defers to the Chief Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award." *Id.*

For the reasons stated by petitioner, lack of objection by respondent, and because the amounts requested are substantial and the proceedings within this court have been pending for over three years, the undersigned **GRANTS** the motion for interim attorneys' fees and costs.  *See Avera v. Sec'y of Health & Humans Servs.,* 515 F. 3d. 1343, 1352 (Fed. Cir. 2008).

**Accordingly, the undersigned awards the total of $19,845.38[3] as a lump sum in the form of a check jointly payable to petitioner and former counsel for petitioner, Rawls Law Group.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover fees and costs as set forth in this motion.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.